**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-25540-LEIBOWITZ/Hernandez**

**SEBASTIAN BANEZ MAZZALI**,

*Petitioner*,

*v.*

**MARKWAYNE MULLIN,** ***et al.***,

*Respondents.*

_______________________________________/

# REPORT AND RECOMMENDATION

Petitioner Sebastian Banez Mazzali ("Petitioner") moved for a temporary restraining order compelling his immediate return to the Southern District of Florida and barring future out-of-jurisdiction transfers. [ECF No. 5]. He later amended his motion to request emergency relief. [ECF No. 8]. At the hearing on this matter, Petitioner further amended his Motion to seek immediate release from custody. [ECF No. 11]. The Honorable David S. Leibowitz referred the Motion to us for a report and recommendation. [ECF No. 6]. For the following reasons, it is respectfully recommended that the Motion be DENIED.

## I. BACKGROUND

Petitioner is an eighteen-year-old Venezuelan national who entered the United States as a B2 nonimmigrant visitor in 2016. [ECF No. 1 ¶¶ 2–3, 21]. On August 6, 2026, Petitioner was "arrested on suspicion of contributing to the delinquency of a minor, a first-degree misdemeanor, when an officer suspected him of being in possession of alcohol in the vicinity of his friends." *Id.* ¶ 22. After he posted bond, he remained in Orange County jail due to an Immigration and Customs Enforcement ("ICE") detainer imposed under 8 C.F.R. § 287.7 ("ICE Detainer"). *Id.* ¶ 23. ICE agents later transported Petitioner to Krome North Service Processing Center in Miami, Florida ("Krome"). *Id.* ¶ 24.

While detained at Krome, Petitioner filed the instant habeas petition, asserting that his immigration arrest and detention violated his Fifth and Fourth Amendment rights. *Id.* ¶¶ 46–54. In Count II of the Complaint, the Fourth Amendment claim, Petitioner argues that ICE violated its own regulations by arresting him without a warrant or probable cause.[1]

After his transfer to ICE custody, Petitioner was moved between five detention facilities across four states—totaling six transfers in twelve days. *See* [ECF No. 10-1 ¶¶ 8, 10–14]. The initial reason for the transfer was "de-compression purposes," while a later transfer stemmed from a mistaken believe that Petitioner was subject to a final removal order. *Id.* ¶¶ 10–12. During the transfers, Petitioner could not communicate with his attorney and, indeed, at least one attorney call was canceled due to a transfer. [ECF No. 13-1 ¶¶ 4, 6].

The Court held a hearing on August 25, 2026. [ECF No. 11]. Twelve minutes before the hearing, counsel for Respondents filed a declaration from Deportation Officer Kevin Dorleus representing: (1) On August 6, 2026, Petitioner was "encountered" by ICE following his arrest earlier that day; and (2) "that same date, Petitioner was served with a valid warrant for arrest." [ECF No. 10-1 ¶¶ 6–7]. The Declaration did not mention a Notice to Appear ("NTA"), which Respondents conceded must precede a valid warrant. *See* 8 C.F.R. § 1236.1(b) ("*At the time of issuance* of the notice to appear, or at any time *thereafter* . . . [a non-citizen] may be arrested and taken into custody under the

---

[1] Petitioner's Fifth Amendment Due Process claim is less than clear. He cites, at various points, to *Accardi* and *Zadvydas*, cases describing two conceptually distinct claims. *See* [ECF No. 1 ¶¶ 27, 44, 49–50]. *Accardi* claims challenge agency action that fails to follow applicable regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954) ("The crucial question is whether the alleged conduct of the Attorney General deprived petitioner of any of the rights guaranteed him by the [Immigration Act of 1917] or by the regulations issued pursuant thereto."). *Zadvydas* claims seek immediate relief from prolonged detention. *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) ("Based on our conclusion that indefinite detention of aliens [who were admitted to the United States but subsequently ordered removed] would raise serious constitutional concerns, we construe [8 U.S.C. § 1231] to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."). Because Petitioner does not challenge the *duration* of his detention, but the *fact* that he has been detained at all, his claim best fits *Accardi* rather than *Zadvydas*. However framed, Petitioner's relief hinges on the purported (in)validity of his arrest. [ECF No. 1 ¶ 5 ("Respondents did not arrest Petitioner pursuant to a valid warrant, constituting a violation of his right to due process and making immediate release the only appropriate remedy.")].

authority of Form I–200, Warrant of Arrest.") (emphasis added). Because the parties agreed that the timing of the immigration warrant was outcome determinative, the Court allowed Respondents to supplement the record on this point. Also at the hearing, Petitioner requested immediate release from detention. [ECF No. 11]. *See also* [ECF No. 14 at 2 (seeking immediate release)]. This revised the request in the Motion, which merely sought an injunction against further transfer. [ECF No. 8 at 1, 8].

On August 27, 2026, Respondents filed three documents: (1) an NTA dated August 6, 2026; (2) an arrest warrant issued that same date; and (3) a "Record of Deportable/Inadmissible Alien." [ECF Nos 16-1–16-3]. The NTA was issued on August 6, 2026 and was served on August 8, 2026. [ECF No. 16-1 at 1–2]. The warrant was likewise issued on August 6, 2026 and served two days later. [ECF No. 16-2 at 1]. The following day, the Court allowed Respondents to file an additional supplement to clarify the time when the documents were issued. [ECF No. 17]. On August 31, 2026, Respondent filed its untimely response. [ECF No. 18]. Attached to the response was a declaration from Deportation Officer Ricardo Herrero asserting that Petitioner's "I-200 (Warrant for Arrest), I-247 (Notice of Detainer), and I-203 were completed and provided to local law enforcement." [ECF No. 18-1 ¶ 8].

Petitioner, too, had an opportunity to supplement the record after the August 24, 2026 hearing. [ECF No. 11]. Petitioner's evidence—which included pre- and post-hearing submissions—consists of: (1) screenshots from an immigration website [ECF No. 5-1; ECF Nos. 13-2–13-5]; (2) a declaration from his mother, Norma Mazzali, [ECF No. 8-1]; and (3) a declaration from his attorney, Denisse C. Ilabaca, [ECF No. 13-1]. Because none of these documents establish the fact upon which Petitioner's claim rests—that is, that the warrant unlawfully preceded the NTA—he has not shown a substantial likelihood of success on the merits of his claim. And so, it is respectfully recommended that the Motion be DENIED.

## II. Legal Framework

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## III. Analysis

Petitioner's constitutional claims hinge on one assertion: that the government had no statutory basis—that is, a warrant or, failing that, probable cause—to arrest and detain him. [ECF No. 8 at 5]. Petitioner supplies no evidence for this claim, arguing instead that the government's evidence (which shows that a warrant *was* issued) is lacking. Because Petitioner carries the burden, both in these proceedings and in the overarching habeas action, this absence of evidence is fatal to the Motion.

Section 1226(a) states, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The timing of the warrant and the arrest, as other courts in this Circuit have observed, is important. *See Herrera Rivas v. Warden of Fla. Soft Side S. Det. Facility*, No. 2:26-CV-01204-SPC-NPM, 2026 WL 1194607, at *1 (M.D. Fla. May 1, 2026). 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear*, or at any time *thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1)(emphasis added). "I-200 warrants issued without a

contemporaneous or previously issued notice to appear are invalid." *Herrera Rivas*, 2026 WL 1194607, at *1 (citing *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 848-53 (N.D. Ill. 2025)).

Petitioner's Complaint alleges "on information and belief," that he was "not arrested pursuant to a warrant." [ECF No. 1 ¶ 36]. The Complaint, however, included no evidence—such as a declaration from Petitioner—to support this representation. The Motion tempered this allegation, contending that Petitioner was detained without a "valid" warrant, as opposed to *no* warrant at all. [ECF No. 5 at 1, 4; ECF No. 8 at 1–2, 5]. None of Petitioner's filings include evidence to support either the no-warrant or the invalid-warrant assertions.

Respondent's unrebutted evidence, moreover, showed that Petitioner's NTA and arrest warrant were issued on the same day. *See* [ECF Nos. 16-1 & 16-2]; *see also* [ECF No. 18-1]. Petitioner takes issue with a declaration Respondents submitted in support of the warrant's legitimacy, contending that the attesting officer "has no personal knowledge regarding the order in which the Notice to Appear and the I-200 Warrant were issued," and that the declaration "makes no claim that the Notice to Appear was issued before or at the time of the issuance of the warrant." [ECF No. 19 at 2]. There are two problems with this submission. First, Petitioner filed this "reply" to Respondents' supplement without leave of the Court. When the Court permitted supplemental submissions of *fact*, it did not open the door to argument. *See* L.R. 7.1(c)(1) (providing that, after briefing has concluded, "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court"). Second, Petitioner's argument highlights a broader misunderstanding of the burdens in these proceedings.

The Court's analysis in *Olivera v. Mordant*, a case raising analogous legal issues, proves instructive here. 2:26-cv-547-KCD-NPM, 2026 WL 1109406, at *4–5 (Apr. 24, 2026). In that case, Petitioner argued that his detention was improper because ICE had neglected to give him an informal interview, an important procedural safeguard. *Id.* at *4. When the government produced evidence

that the interview had, in fact, occurred, the petitioner objected that this proof was "simply too thin." *Id.* at *5. The Court rejected this argument, explaining that "[i]n a habeas proceeding, the Government does not bear the burden to definitively prove its administrative perfection. Instead, the burden falls squarely on the petitioner to affirmatively show that his custody violates the Constitution or federal law." *Id.* (citing 28 U.S.C. § 2241(c)(3); *Whitfield v. U.S. Sec'y of State*, 853 F. App'x 327, 329 (11th Cir. 2021)).

Here, Petitioner presented no evidence to establish the warrant's invalidity, the key fact underpinning his claim. Rather, he seeks to establish the invalidity (or non-existence) of his arrest warrant by pointing out limitations in the government's proof. As noted, that is not enough. To support the extraordinary relief of a preliminary injunction, Petitioner must do more than allege facts without evidentiary support.

Nor do Petitioner's cited authorities support—let alone command—a different result. His out-of-district authorities support the view that arrest warrants cannot precede their accompanying NTA. But those cases only serve to underscore why relief is inappropriate here. Take *Camareno Briceno v. Quinones*, for example, where the government *acknowledged* that the warrant was issued before the NTA. No. 26-CV-830-RBD-DCI, 2026 WL 1652650, at *1 (M.D. Fla. Apr. 28, 2026) ("The Government acknowledges that the warrant was issued prior to the Notice to Appear."). Likewise, in *Chogllo Chafla v. Scott*, where the government claimed *no* arrest warrant was required under the statute—and consequently submitted no evidence of such a warrant—the court concluded that the petitioners' continued detention was improper. 804 F. Supp. 3d 247, 264 (D. Me. 2025). And, as Petitioner himself observed, in *Arellano v. Quinones*, No. 6:26-cv-00512-GAP-DCI, Dkt. No. 7, at 1 n.1 (M.D. Fla. Mar. 9, 2026), respondents conceded that the warrant had unlawfully preceded the NTA. [ECF No. 8 at 5]. In fact, in every one of Petitioner's cited cases, the government either proffered evidence undermining the arrest warrant, or conceded the point altogether. *See, e.g.*, *Landaverde Ardon v. Mina*,

No. 6:26-CV-313-JSS-LHP, 2026 WL 530199, at *3 (M.D. Fla. Feb. 26, 2026) ("Respondents *concede* that they issued the warrant and arrested Petitioner nearly two weeks before they issued Petitioner's notice to appear." (emphasis added)); *Arango v. Genalo*, No. 25-CV-6720 (RER), 2025 WL 3637500, at *2 (E.D.N.Y. Dec. 16, 2025) (noting that respondents' own evidence showed that the NTA was issued two days after the petitioner's arrest, and rejecting the view that "two days is within the concept of contemporaneousness"); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) ("Here the government—*by its own telling*—issued the arrest warrant in June 2024 . . . well before it issued a NTA for [the petitioner.]" (emphasis added)).

Respondents here make no such concessions, nor do they take the position that a warrant was unnecessary. To the contrary, they submitted Petitioner's warrant and NTA, both dated August 6, 2026 and executed two days later. [ECF Nos. 16-1 & 16-2]. Petitioner has not contested the authenticity of those documents, and one of them (the NTA) appears to bear his signature. *See* [ECF No. 16-1 at 2]. That this evidence, in Petitioner's view, is insufficient to establish the warrant's legitimacy does not, without more, establish the warrant's *illegitimacy*. As noted, it is Petitioner who bears the burden of proof.[2]

Because Petitioner cannot establish the first element of injunctive relief—a substantial likelihood of success on the merits of his claim—the Motion must fail, and the Court need not analyze the remaining factors. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) ("[T]he

[2] The Court takes no position on the ultimate merits of this case, as may be developed in later proceedings. The analysis here is limited to a determination of whether Petitioner has carried his burden of establishing the likelihood-of-success element for a preliminary injunction.

movant [must] clearly establish[ ] the burden of persuasion as to each of the four prerequisites." (internal quotations omitted)).

* * *

For the foregoing reasons, it is respectfully recommended that Petitioner's request for an emergency restraining order, [ECF. Nos. 5 & 8], be DENIED.

Under Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have 14 days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016).

**DONE AND RECOMMENDED** in the Southern District of Florida on September 15, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record